J-S31003-18

2018 PA Super 210

| | | |
|---|---|---|
| U.S. BANK, N.A. AS TRUSTEE FOR CERTIFICATEHOLDERS OF THE LXS 2007-7N TRUST FUND | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| TRACY HUA AND CHI HUNG MU, | : : | No. 3227 EDA 2017 |
| Appellants | : | |

Appeal from the Judgment Entered November 21, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 140602801

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

OPINION BY SHOGAN, J.:                         FILED July 20, 2018

Tracy Hua and Chi Hung Mu, Appellants, appeal from the judgment in

favor of Appellee, U.S. Bank, N.A. as Trustee for Certificateholders of the LXS

2007-7N Trust Fund ("U.S. Bank").  Upon review, we affirm.

The trial court set forth the following facts and procedural history:

> On June 19, 2014, [U.S. Bank] commenced this action by filing a Complaint against [Appellants].  [U.S. Bank's] Complaint alleged that [Appellants] defaulted on their mortgage and that [U.S. Bank was] owed $178,857.88, with interest due and owing at a variable rate, which was $11.17 per diem at the time of filing.  [U.S. Bank] also alleged that [it was] due other costs and charges collectible under the mortgage, and for the foreclosure and sale of the mortgaged property.  [Appellants] filed an Answer and New Matter on July 17, 2014.  The case was deferred on June 10, 2015, and again, on October 20, 2015, due to [Appellant] Tracy Hua filing for [C]hapter 13 bankruptcy in the United States Bankruptcy Court for the District of New Jersey (Trenton).
>
> On March 15, 2016, [U.S. Bank] filed a Motion for Summary Judgment.  On April 8, 2016, [Appellants] filed a *pro se* response

to [U.S. Bank's] Motion for Summary Judgment. On June 8, 2016, [U.S. Bank's] Motion for Summary Judgment was denied. On September 12, 2016, [U.S. Bank] filed a second Motion for Summary Judgment. [Appellants] filed a *pro se* response on September 12, 2016. On November 28, 2016, the second Motion for Summary Judgment was denied as premature. On February 10, 2017, [U.S. Bank] filed a Motion to Strike [Appellants'] jury demand. [Appellants], now represented by counsel, filed a response to [U.S. Bank's] Motion to Strike on March 6, 2017. On March 20, 2017, [U.S. Bank's] Motion to Strike was denied. On June 5, 2017, [U.S. Bank] filed a Motion for Summary Judgment. On July 7, 2017, [Appellants] filed a response to [U.S. Bank's] Motion for Summary Judgment. On August 22, 2017, [U.S. Bank's] Motion for Summary Judgment was denied.

On August 22, 2017, a jury trial commenced before the Honorable Kenneth J. Powell Jr. On August 23, 2017, the jury found by a preponderance of the evidence that[: Appellants] executed the Note and Mortgage on March 19, 2007, [Appellants] defaulted under the terms of the subject note by failing to make monthly mortgage loan payments due on February 1, 2011, and all subsequent payment, and that [U.S. Bank], was owed $204,209.22 plus any additional interest, advances, fees, and costs which accrue pursuant to the terms of the mortgage loan. On September 4, 2017, [Appellants] filed a post-trial motion, which was denied by [the trial court on] September 14, 2017. On September 21, 2017, [Appellants'] Notice of Appeal to the Superior Court was docketed. On September 22, 2017, [the trial court] filed a Rule 1925(b) order, which required [Appellants] to file a concise statement of matters complained of on appeal no later than twenty-one days after the date of the Order.

Amended Trial Court Opinion, 12/7/17, at 1–3.[1]

The trial court's Pa.R.A.P 1925(b) order required Appellants to file a

concise statement on or before October 13, 2017. Amended Trial Court

_____

[1] The trial court opinion originally was filed on November 29, 2017. The trial court filed an amended opinion on December 7, 2017, to correct a clerical error. Amended Trial Court Opinion, 12/7/17; Supplemental Record, 12/7/17.

Opinion, 12/7/17, at 3. Appellants failed to comply until October 29, 2017. *Id*. at 3-4; Appellants' Concise Statement of Matters Complained of on Appeal, 10/29/17.[2] In its Pa.R.A.P. 1925(a) opinion, the trial court did not address the merits of Appellants' issues; rather, it asserted that Appellants waived all issues on appeal by failing to timely file the court-ordered Pa.R.A.P. 1925(b) statement. Amended Trial Court Opinion, 12/7/17, at 1, 3–4.

Upon preliminary review of the record in this case, this Court observed that judgment had not been entered on the docket as required. Pa.R.A.P. 301, "Requisites for an Appealable Order," provides that "no order of the court shall be appealable until it has been entered upon the appropriate docket in the lower court." Thus, on November 9, 2017, by *per curiam* order, we stated, in pertinent part:

> Pursuant to this Court's policy, the appellant is directed to praecipe the trial court Prothonotary to enter judgment on the decision of the trial court . . . . Upon compliance with Pa.R.A.P. 301, the notice of appeal previously filed in this case will be treated as filed after the entry of judgment. *See* Pa.R.A.P. 905(a).

---

[2] We note with incredulity that Appellants' Rule 1925(b) statement, while filed under the correct caption, erroneously named "Dana Brinton," an individual with no connection to the instant case, as Appellant instead of the actual Appellants, Tracy Hua and Chi Hung Mu. This is the only time Dana Brinton is named in the record. Further, the Certificate of Service attached to the Statement named a different judge than the judge assigned to the case.

Order, 11/9/17. Appellants eventually complied, and judgment was entered on the trial court docket on November 21, 2017. Amended Trial Court Opinion, 12/7/17, at 3.

On January 5, 2018, U.S. Bank filed a Motion to Quash the Appeal in this Court alleging that Appellants had not timely filed a Pa.R.A.P. 1925(b) statement. Therefore, U.S. Bank averred that Appellants waived all issues on appeal. Appellants did not file an answer to U.S. Bank's Motion to Quash the Appeal. This Court entered the following order: "The motion to quash this appeal is **DENIED without prejudice** to the moving party's right to again raise this issue . . . in the appellate brief. . . ." Order, 3/8/18 (emphasis in original). When Appellants filed their appellate brief, they did not address the untimeliness of their Pa.R.A.P. 1925(b) statement. Currently, U.S. Bank has renewed the issue in its appellate brief. U.S. Bank's Brief, 4/20/18, at 11–15. Despite multiple opportunities to do so, Appellants repeatedly have failed to assert any argument regarding their late filing of the Pa.R.A.P. 1925(b) statement.

We initially address whether Appellants have preserved any issues for review. As noted, Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with

- 4 -

the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309; *see also Commonwealth v. Castillo,* 888 A.2d 775, 780 (Pa. 2005) (stating any issues not raised in a Rule 1925(b) statement are deemed waived). This Court has held that "[o]ur Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original) (quoting *Commonwealth v. Schofield,* 888 A.2d 771, 774 (Pa. 2005).

"[I]n determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Here, the day after Appellants filed their notice of appeal, the trial court filed an order providing as follows:

> [P]ursuant to Pa.R.A.P 1925(b) that [Appellants], Tracy Hua and Chi Hung Mu, file in the Court of Common Pleas and serve on the

> Honorable Kenneth J. Powell, Jr. a concise statement of errors complained of on appeal **no later than twenty-one (21) days after the date of this order**. . . . Any issues not properly included in the Statement, timely filed, and concurrently served on the Honorable Kenneth J. Powell, Jr. will be deemed waived.

Order, 9/22/17 (emphasis added). The twenty-one-day filing period is consistent with the time allocated by Pa.R.A.P. 1925(b)(2), and, as noted *supra*, it required Appellants to submit their Rule 1925(b) statement by October 13, 2017. Pa.R.A.P. 1925(b); U.S. Bank's Brief, 4/20/18, at 11. Appellants did not file their Rule 1925(b) statement until October 29, 2017, thirty-six days after the trial court entered its order and sixteen days beyond the date it was due. While Rule 1925(b) permits an appellant to apply either for an extension for the filing period or permission to submit an amended or supplemental 1925(b) statement, Appellants here did neither. Pa.R.A.P. 1925(b)(2). Thus, Appellants' statement was patently untimely. As discussed *supra*, the failure to comply with Pa.R.A.P. 1925(b) results in the automatic waiver of issues raised on appeal. *Lord*, 719 A.2d at 309.

One further nuance to this issue requires analysis. As noted *supra*, Appellants improperly purported to appeal from the trial court's order denying their post-trial motion. This court has held, "Generally, an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court." *Grove North America v. Arrow Lift,* 617 A.2d 369, 371 (Pa. Super. 1992). Moreover, an appeal from the denial of a post-trial motion is interlocutory and not a final order. *Sagamore Estates Property Owners*

*Association v. Sklar*, 81 A.3d 981, 983 n.3 (Pa. Super. 2013). Similarly, Pa.R.A.P. 301, "Requisites for an Appealable Order," provides that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a).

On November 9, 2017, because judgment had not been entered, this Court directed Appellants to *praecipe* the trial court for the entry of judgment. Appellants eventually complied, and on November 21, 2017, the trial court entered judgment on the trial court docket. Pursuant to Pa.R.A.P. 905(a), "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Thus, our appellate rules direct that we may treat the notice of appeal in the instant case as having been filed on November 21, 2017. This would seem to raise an apparent incongruity because Appellants' Rule 1925(b) statement was found to have been untimely filed nearly a month before the **adjusted** date for the filing of the notice of appeal. However, this procedure exists for the sole purpose of establishing jurisdiction, as explained below.

In *Johnston the Florist, Inc. v. TEDCO Const. Corp.*, *657 A.2d 511,* (Pa. Super. 1995), we observed:

> [T]he law of this Commonwealth has long recognized that the **entry of judgment is a jurisdictional matter.** **The requirement that judgment be docketed is jurisdictional**. Moreover, the **entry of judgment is a prerequisite to our exercise of jurisdiction**. On the other hand[,] there are some instances wherein a party has failed to enter judgment and our

- 7 -

appellate courts may regard as done that which ought to have been done.

*Id.* at 514–515 (emphases added) (internal citations and quotation marks omitted).  We also held therein that "even though the appeal was filed prior to the entry of judgment, it is clear that jurisdiction in appellate courts **may be perfected** after an appeal notice has been filed upon the docketing of a final judgment."  *Id.* at 513 (emphasis added).

This Court also has held that although an appeal following the denial of post-trial motions is interlocutory and subject to quashal, "**in the interests of judicial economy** we will 'regard as done that which ought to have been done.'"  *Mackall v. Fleegle*, 801 A.2d 577, 581 (Pa. Super. 2002) (emphasis added) (quoting *Fanning v. Davne*, 795 A.2d 388, 392 (Pa. Super. 2002)).  More recently, in *Zitney v. Appalachian Timber Prod., Inc.*, 72 A.3d 281, 285 (Pa. Super. 2013), where it was unclear whether judgment actually was entered, this Court held that "we will 'regard as done that which ought to have been done,' and conclude that [the] appeal is properly before this Court."  *Zitney*, 72 A.3d at 285 (quoting *Fanning*, 795 A.2d at 392).

These cases demonstrate that our direction to Appellants herein to *praecipe* the trial court for entry of judgment upon the docket, where entry had not occurred prior to the filing of the notice of appeal, is a preliminary matter to address jurisdictional concerns and to permit the appeal to proceed.  The parties have not asserted any case law or statutory language, nor have we unearthed any, indicating that the retroactive perfection of appellate

jurisdiction, as seen here, is intended to modify filing deadlines established prior to this Court's awareness of the lack of entry of judgment or to ameliorate the failure to preserve issues.

To hold otherwise would invite abuse. Such a ruling would provide litigants with an opportunity to salvage appeals otherwise waived or improperly preserved by procedural error, as here for example, by the untimely filing of a Rule 1925(b) statement. Such a procedure is in direct opposition to the bright-line rule established in **Lord** and its progeny. Thus, we are constrained to find that all of Appellants' issues are waived due to their untimely filing of the court-ordered Pa.R.A.P. 1925(b) statement. **Greater Erie**, 88 A.3d at 224.

Judgment affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018

---

[3] The Pennsylvania Supreme Court has held that "[a]n appeal is 'quashed' when the court lacks jurisdiction over the appeal in the first instance. When the appellant has failed to preserve issues for appeal, the issues are waived, and the lower court's order is more properly 'affirmed.'" **In re K.L.S.,** 934 A.2d 1244, 1246 n.3 (Pa. 2007) (citations omitted).