J-S79016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

DAVID J. CLARK AND KIM M. CLARK : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellants :
:
:
:
v. :
:
:
:
JAMES D. RUFO AND THERESA L. : No. 610 MDA 2018
RUFO :

Appeal from the Judgment Entered June 7, 2018
In the Court of Common Pleas of York County Civil Division at No(s):
2015-SU-004182-94

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 04, 2019**

Appellants, David J. Clark and Kim M. Clark, appeal from the judgment

entered on June 7, 2018.[1]  We affirm.

The trial court summarized the facts of this case as follows:

This case involves [a] dispute between neighboring landowners.
The parties are neighbors that share a common driveway [in York,
Pennsylvania.]    [Appellants]  initiated  [an]  action  to  prevent

---

[1]  Appellants improperly purport to appeal from the order entered on March 16, 2018, denying post-trial relief in a land dispute.  An appeal from the denial of a post-trial motion is interlocutory as it is not a final appealable order.  **See Hackett v. Indian King Residents Association**, 195 A.3d 248, 250 n.3 (Pa. Super. 2018) (citation omitted).  Appellants subsequently filed a *praecipe* to enter judgment in this matter and the Prothonotary entered judgment on June 7, 2018.  The entry of judgment sufficiently perfects our jurisdiction, and we may proceed to consider the appeal. ***Id.***; Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). We have corrected the caption to reflect that the appeal lies from the June 7, 2018 judgment.

[James D. Rufo and Theresa L. Rufo (the Rufos)] from coming onto their property to access a parking pad on [the Rufos'] property. [Appellants] averred that they have experienced damage to their land, blocking of their access and use of their driveway, and loss of enjoyment of their land by [the Rufos]. [The Rufos] denied [Appellants'] allegations and alleged they have used the driveway for over 20 years without any prior problems.

*         *         *

After hearing testimony by the parties, previous owners, a neighbor and a surveyor [the trial court] found that for at least thirty (30) years the driveway at issue was utilized and maintained by both landowners without any real concern until the current issues arose in 2015. [The trial court] then held that the driveway is a right-of-way, which can be utilized by and shall be maintained by both parties, and neither party may park their vehicles within the actual driveway portion of the right-of-way.

Trial Court Opinion, 3/16/2018, at 1-2.

The trial court entered an order on December 22, 2017 that both parties would utilize and maintain the shared driveway, no party could park within the driveway portion of the right-of-way, and that each party park on their individually defined parking pad on either side of the shared driveway. On December 27, 2017, Appellants filed post-trial motions. The trial court denied relief by order and accompanying opinion on March 16, 2018. On April 11, 2018, Appellants filed a notice of appeal. On April 18, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. On June 12, 2018, the trial court filed a statement that Appellants failed to file their Rule 1925(b) statement as ordered and, thus, the trial court was unable to prepare and file an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellants present the following issues for our review:

1. Whether the [trial c]ourt erred in finding a prescriptive easement and in allowing [the Rufos] to tack their predecessor['s] alleged prescriptive easement time when there was no agreement in place or between those parties?

2. Whether the [trial c]ourt erred in allowing [the Rufos] to expand the use of the alleged easement, which was and is causing damage to the easement?

3. Whether the [trial c]ourt erred in restricting [] Appellants use of their land, when the [trial court] in essence restricted [] Appellants to a minimal pad area, which created a hardship for Appellants?

Appellants' Brief at 10.

Before examining the merits, we must initially address whether Appellants have preserved any issues for our review. "If the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b) (parentheticals omitted). Appellants must comply whenever the trial court orders them to file a Rule 1925(b) statement. *See U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua*, 193 A.3d 994, 997 (Pa. Super. 2018). Any issues not raised in a 1925(b) statement will be deemed waived. *See* Pa.R.A.P. 1925(b)(4)(vii). "Our Supreme Court intended [Rule 1925(b)] to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues

raised.'" **U.S. Bank, N.A**, 193 A.3d at 997, *citing* **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc**., 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted).

Here, the trial court entered an order on April 18, 2018 directing Appellants to file a concise statement within 21 days as set forth at Pa.R.A.P. 1925(b)(2). It further stated that issues not included in a timely Rule 1925(b) shall be deemed waived. **See** Pa.R.A.P. 1925(b)(4)(vii). The docket reflects that the Prothonotary sent Appellants notice the same day the order was entered. Upon further review of the certified record, affixed to the Rule 1925 order is a copy of the fax transmittal sheet showing that the Prothonotary sent the Rule 1925(b) notice to Appellants' counsel. On June 12, 2018, the trial court issued a statement that Appellants had not filed their 1925(b) as of that date. Thus, it concluded it "was unable to prepare and file an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) to address the merits of this appeal." Trial Court Statement, 6/12/2018, at 2. The docket reflects that the Prothonotary sent this statement by fax to Appellants. They did not respond. Because Appellants failed to follow the trial court's directive to file a Rule 1925(b) concise statement, we are constrained to find that they waived all of their appellate claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/04/2019