J-S83031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                       :

             v.                                :
                                       :
                                       :

CHRISTOPHER ALAN COBBS,          :
                                       :

            Appellant            :           No. 858 WDA 2018

Appeal from the Judgment of Sentence May 7, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009202-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 15, 2019**

Christopher Alan Cobbs ("Cobbs") appeals from the judgment of sentence entered following his guilty plea to one count each of carrying a firearm without a license and person not to possess firearms.[1]  We dismiss Cobbs's appeal.

In its Opinion, the trial court summarized the relevant procedural history underlying the instant appeal as follows:

> On May 7, 2018, [Cobbs] plead guilty to the above referenced charges and proceeded directly to sentencing.  The parties stipulated to the facts of the Affidavit of Probable Cause in its entirety.  [The] Commonwealth supplemented the factual basis with crime lab results regarding the operability and barrel length of the firearm[,] and information that [Cobbs] was ineligible to possess a firearm as a result of an active warrant.[FN]  [Cobbs] waived a pre-sentence report and proceeded directly to sentencing, wherein [the trial court] imposed a mitigated[-]range sentence of two (2) to four (4) years of incarceration at Count

---

[1] **See** 18 Pa.C.S.A. §§ 6106(a)(1), 6105(c)(1).

(1)[,] with a consecutive two (2) year period of probation at Count (2). After imposition of sentence, defense counsel requested a recommendation for Motivational Boot camp ([*see*] 61 Pa.C.S.[A.] §§ 3900-3905)[,] which was rejected by [the trial court]. [Cobbs] filed a timely Post Sentence Motion on May 8, 2018[,] asking the [c]ourt to modify sentence and enter a recommendation for boot camp[,] again outlining [Cobbs's] eligibility. This was denied on May 9, 2018. [Cobbs's] Notice of Appeal was filed on June 8, 2018. By Order of Court dated June 13, 2018, [Cobbs] was directed to file a Concise Statement of Matters Complained of on Appeal. Due to counsel's failure to request the appropriate transcript[,] the [c]ourt granted an extension to file the Concise Statement on July 10, 2018. On August 1, 2018[,] [Cobbs] filed the Statement of Errors Complained of on Appeal….

---

[FN] The warrant was for a simple assault charge filed at CC 201808788[,] which was *nolle prossed* the same date, May 7, 2018.

Trial Court Opinion, 11/5/18, at 2-3 (citation omitted, footnote in original).

In this appeal, Cobbs presents the following claim for our review:

DID THE [TRIAL] COURT ABUSE ITS DISCRETION IN FINDING THAT [] COBBS WAS NOT STATUTORILY ELIGIBLE FOR BOOT CAMP[,] WHEN [] COBBS SATISFIED THE TERM OF CONFINEMENT AND AGE CRITERIA AND WAS NOT SENTENCED FOR ANY OF THE ENUMERATED OFFENSES WHICH MAKE AN INMATE STATUTORILY INELIGIBLE[,] AS SET FORTH IN 61 PA.C.S.A. §§ 3901-3908?

Brief for Appellant at 4.

Before examining the merits of the above claim, we must initially address whether Cobbs has preserved the claim for our review. "If the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b)

(parentheticals omitted). Any issues not raised in a Rule 1925(b) concise statement will be deemed waived. **See** Pa.R.A.P. 1925(b)(4)(vii). "Our Supreme Court intended [Rule 1925(b)] to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'" **U.S. Bank, N.A., v. Hua**, 193 A.3d 994, 997 (Pa. Super. 2018) (quoting **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted)).

In his Pa.R.A.P. 1925(b) Concise Statement, Cobbs preserved the following challenge to his sentence:

> The lower court abused its discretion in finding that [] Cobbs was not statutorily eligible for Boot Camp when [] Cobbs satisfied the term of confinement and age criteria set forth in the statute. **See** 61 P.S. § 1123. Further, [] Cobbs was not sentenced for a violation of any of the enumerated offenses which make an inmate statutorily ineligible for Boot Camp; rather, he was sentenced for person not to possess a firearm. Thus, he was not rendered statutorily ineligible because of the offense to which he pleaded guilty.

Pa.R.A.P. 1925(b) Concise Statement, 8/1/18, at ¶ 12(a). Cobbs's present claim, which challenges the trial court's exercise of its discretion in not *authorizing* Cobbs for motivational boot camp, is presented for the first time in this appeal. Thus, his claim is waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

Even if Cobbs had included this issue in his Rule 1925(b) Concise Statement, he would not be entitled to relief. Cobbs's claim challenges the discretionary aspects of his sentence. "A challenge to the discretionary

- 3 -

aspects of sentencing is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Grays***, 167 A.3d at 815-16 (citation omitted).

Although Cobbs timely filed his Notice of Appeal, he did not raise this claim in his post-sentence Motion. Thus, we would dismiss his sentencing claim on this basis, as well. ***See id.***

Even if Cobbs had preserved this claim, and even if his claim raised a substantial question, Cobbs's claim would not entitle him to relief. Cobbs claims in his brief the trial court improperly failed to fully consider his rehabilitative needs. Brief for Appellant at 10. Cobbs further asserts that the trial court failed to indicate why placement in motivational boot camp would be inappropriate. ***Id.*** At sentencing, Cobbs's counsel did not specify any specific rehabilitative needs for the trial court's consideration. Rather, counsel pointed out that

> Cobbs was working at the time he was arrested. He has two kids. He has a wife he has been with for going on two years. Mr. Cobbs isn't the type of person who is going to be a persistent problem in the criminal justice system. He just simply had a very bad year.

N.T., 5/7/18, at 11. The sentencing transcript reflects that the trial court specifically considered these factors when sentencing Cobbs:

> THE COURT: … You are 32 years old now. It is long overdue for you to decide to change the direction that you are going to go. You have young children. You have a wife. You have skills that could take you in a different direction, okay, but for whatever reason[,] you chose not to do that.

*Id.* In denying Cobbs's request for boot camp, the trial court stated the following:

> THE COURT: All right. I believe that boot camp is for a younger individual, not someone that has accumulated three or four misdemeanors and now a felony. So I am not going to recommend boot camp in this case.

*Id.* Because the record does not support the claim raised by Cobbs, and we discern no abuse of discretion by the trial court, we would have denied him relief on this claim.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2019