J-A16002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EVELYNE RUETIMANN TOPFER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KURT TOPFER | : | |
| | : | |
| Appellant | : | No. 1877 MDA 2018 |

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
384 of 2015

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 19, 2019**

Kurt Topfer ("Husband") appeals, *pro se*, from the order, entered in the Court of Common Pleas of Luzerne County, denying his exceptions to the master's report and recommendations,[1] adopting the master's recommendations *in toto*, and entering a divorce decree between Husband and Evelyne Ruetimann Topfer ("Wife").   After careful review, we quash Husband's appeal.

Wife initiated divorce proceedings on January 14, 2015.  On January 30, 2018, Master in Divorce, Jeffery A, Yellen, Esquire, held a hearing on divorce, equitable distribution, alimony, and counsel fees and costs.  The master issued his report on March 20, 2018.  On April 9, 2018, Husband filed exceptions to

_____

[1] The master made recommendations regarding equitable distribution of the marital estate, alimony, and counsel fees and costs.  **See** Master's Report, 3/20/18, at 3–8.

_____

*   Former Justice specially assigned to the Superior Court.

the master's report. On October 25, 2018, following a hearing on the exceptions, the court issued an order denying all of Husband's exceptions, adopting the master's recommendations, and entering a divorce decree.

On November 2, 2018, Husband filed a notice of appeal. On November 19, 2018, the court filed an order directing Husband to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days. Twenty-one days later, on December 10, 2018, Husband filed an "Action for Declaratory Relief" with this Court seeking an extension to file a Rule 1925(b) statement. On December 20, 2018, we granted husband a thirty day extension, requiring that Husband submit a Rule 1925(b) statement on or before January 22, 2019. Husband untimely filed his Rule 1925(b) statement on January, 25, 2019. The instant appeal followed.

Initially, we address whether Husband preserved any issues for our review. We have previously outlined the requirement to submit a timely Rule 1925(b) statement as follows:

> Pa.R.A.P 1925(b) provides that a judge entering an order giving rise to a notice of appeal 'may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement').' Rule 1925 also states that '[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.' Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, [] 719 A.2d 306 ([Pa.] 1998), our Supreme Court held that 'from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.' **Lord**, 719 A.2d at 309; **see also**

> ***Commonwealth v. Castillo***, [] 888 A.2d 775, 780 ([Pa.] 2005)
> (stating any issues not raised in a Rule 1925(b) statement are
> deemed waived). This Court has held that '[o]ur Supreme Court
> intended the holding in ***Lord*** to operate as a bright-line rule, such
> that failure to comply with the minimal requirements of Pa.R.A.P.
> 1925(b) will result in **automatic waiver** of the issues raised.'
> ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc***.,
> 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in
> original) (quoting ***Commonwealth v. Schofield***, [] 888 A.2d
> 771, 774 ([Pa.] 2005)).

***U.S. Bank, N.A. for Certificateholders of LXS 2007-7n Trust Fund v.***

***Hua***, 193 A.3d 994, 996–97 (Pa. Super. 2018).

Before finding waiver, we must first determine whether Husband was

properly served with notice of his obligations under Rule 1925(b). ***See***

***Presque Isle***, ***supra*** at 226. "[S]trict application of the bright-line rule in

***Lord*** necessitates strict interpretation regarding notice of Rule 1925(b)

orders." ***Id.*** "[F]ailure by the prothonotary to give written notice of the entry

of a court order and to note on the docket that notice was given will prevent

waiver for timeliness pursuant to Pa.R.A.P. 1925(b)." ***Id.***

Instantly, the Luzerne County Prothontary's office never docketed

written notice of the entry of the trial court's Pa.R.A.P. 1925(b) order, as

required by Pa.R.C.P. 236. ***See Forest Highlands Community Ass'n v.***

***Hammer***, 879 A.2d 223, 227 (Pa. Super. 2005) (outlining preconditions for

finding waiver in context of Rule 1925(b)). Consequently, as we cannot find

that Husband was properly served notice of the court's initial Rule 1925(b)

order, we cannot find he waived all issues on appeal by untimely filing his Rule

1925(b) Statement. ***See id.***

We, however, find Husband's failure to comply in any material fashion with the Rules of Appellate Procedure necessitates quashal. **See** Pa.R.A.P. 2101. Husband's briefs, filed in three separate sections on three separate dates, fail to conform to the requirements dictated by Pa.R.A.P. 2111(a)(1)–(12) to such a degree that we have difficulty discerning the proper arguments on which to focus; to wit, Husband's three separate briefs present us with three different Statements of Questions Presented to consider. **See** Brief of Appellant, 3/12/19, at 15–16; Brief of Appellant, 4/15/19, at 13–15; Brief of Appellant, 4/24/19, at 21–22. What arguments we can discern fail to develop any meaningful argument with citations to relevant statutes or case law. **See, e.g.,** Brief of Appellant, 4/15/19, at 17–38 (failing to include a single case in entire argument section). Accordingly, we quash Husband's appeal. **See Rabutino v. Freedom State Realty Co., Inc.**, 809 A.2d 933, 938 n.3 (Pa. Super. 2002) ("It is within this Court's power to quash an appeal for violations of the Rules of Appellate Procedure.").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/19/2019

- 4 -