J-A08028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BETTYE TOOLE & LEVAL T. COLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE HOBBS & GAIL COLON-HOBBS | : | No. 2947 EDA 2019 |
| | : | |

Appeal from the Order Entered September 10, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  0204 July Term 2019.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED JUNE 08, 2020**

Appellants, Bettye Toole and Leval T. Colon ("Tenants"), appeal from the order denying their motion to reinstate their appeal from the decision of the Philadelphia Municipal Court.  Upon review, we affirm.

The underlying facts of this case are largely irrelevant, as the case turns solely on procedural questions.  Briefly, Tenants sued their landlords, George Hobbs and Gail Colon-Hobbs ("Landlords"), seeking reimbursement of the rent they paid from January 2019 through April 2019, because Landlords failed to provide them with a lead-free or lead-safe certification, as required under the Philadelphia Lead Paint Disclosure and Certification Law.[1]  Tenants' Brief at

---

[1] Chapter 6-800 of the Philadelphia Code requires such certification to be provided to residential tenants with children under the age of 7.

15. The municipal court entered judgment in favor of Landlords. Tenants filed a timely notice of appeal in the court of common pleas on July 1, 2019. The appeal was not entered on the docket until July 8, 2019, apparently due to issues with the Philadelphia online filing system.[2] That same day, the trial court issued a standard case management order ("CMO"). Notably, Tenants did not file a complaint within 20 days of filing their notice of appeal pursuant to Rule 1001(f)(1)(i) of the Philadelphia Municipal Court Rules of Procedure ("Local Rule").

On August 2, 2019, upon praecipe of Landlords, the Office of Judicial Records struck the notice of appeal in accordance with Local Rule 1001(h). Tenants then filed a motion to reinstate the appeal on August 4, 2019, which the trial court denied. Tenants timely appealed the denial order to this Court. Both Tenants and the trial court have complied with Pa.R.A.P. 1925.

Tenants raise three questions in this appeal:

1. Did the trial court commit reversible error by not reinstating the notice of appeal from the municipal court where [Tenants] followed the directives of the [CMO] entered in this case as to the deadline to file a complaint?

2. Did the trial court commit reversible error by not reinstating the notice of appeal from the municipal court where no praecipe for rule to file a complaint had been filed by [Landlords] as required by the case controlling CMO?

3. Did the trial court commit reversible error by not reinstating the notice of appeal from the municipal court where good cause

---

[2] Tenants note that the online filing system had previously been down for about six weeks. Tenants' Brief at 5, n.1.

existed to reinstate the appeal and where a proposed complaint was filed promptly?

Tenants' Brief at 4 (unnecessary capitalization omitted).

In their first issue, Tenants claim they were following the mandates of the CMO regarding the deadline to file their complaint. The CMO provides in relevant part as follows:

> 5. PLAINTIFFS: **If you were the Plaintiff in the Municipal Court (the moving party), and you filed this appeal, or you have been served a copy of this appeal, you must then file a complaint in conformity with the Pennsylvania Rules of Civil Procedure, along with a Notice to Defend and Proof of Service.**
>
> *Filing of the Municipal Court Statement of Claim is not in conformity with the Pennsylvania Rules of Civil Procedure.*
>
> The Complaint, Notice to Defend and Proof of Service must be filed utilizing the Civil Electronic Filing System within twenty (20) days after service of a Rule to File Complaint.
>
> *Failure to timely file your complaint may result in the appeal being dismissed for lack of prosecution pursuant to Pennsylvania Rule of Civil Procedure 1037 (a). In addition, if you fail to file a complaint by the time the case is called to trial, the Court can enter a non suit on the motion of the defendant or a non pros on the Court's own motion pursuant to Pennsylvania Rule of Civil Procedure 218.*

CMO, at 1, (emphasis added).

Based on the language of the CMO, Tenants, as the plaintiffs in the municipal court, maintain that they were aware they had to file a complaint, but believed that they had twenty days from service of a rule to file complaint to do so.

The trial court and Landlords contend that Tenants failed to comply with Philadelphia County Rule of Civil Procedure 1001(f)(1). That Rule provides, in pertinent part:

**f) Pleadings and Legal Papers.**

(1) *Appeals Filed Pursuant to Philadelphia Civil Rule 1001(a)(1).*

> i. If the appellant was the plaintiff or claimant in the action before the Municipal Court, he shall file a complaint within twenty (20) days after filing the Notice of Appeal.
>
> ii. If the appellant was the defendant in the action before the Municipal Court, he shall file with the Notice of Appeal a praecipe requesting the Office of Judicial Records to enter a rule as of course upon the appellee to file a complaint within twenty (20) days after service of the rule or suffer entry of a judgment of non pros.

*** 

Local Rule 1001(f).

Both the CMO and Local Rule 1001(f) make clear the process to be followed by an appellant. Here, because the Tenants, as appellants, were the plaintiffs in the municipal court, they were required to file their complaint within twenty days of filing their notice of appeal. Only if the Tenants in the municipal court were appellees on appeal, (*i.e.,* if Landlords, as defendants, appealed from the municipal court decision), then Tenants, as plaintiffs, would have had twenty days from the date on which defendants served them with a rule to file complaint. However, that scenario did not occur. Thus, as Tenants did not timely file their complaint within twenty days of filing their notice of appeal, they violated the clear language of Local Rule 1001(f)(i).

- 4 -

Tenants may only obtain relief from their oversight in limited circumstances. Local Rule 1001(h), similar to the Pennsylvania state rules for appeals from district justice orders, Rule 1006, provides that the "court of common pleas *may* reinstate the appeal upon *good cause* shown." Local Rule 1001(h); *see also* Pa.R.C.P.D.J. 1006 (emphasis added). In a similar case involving an appeal from a magistrate's order in Monroe County, we noted, "[g]ood cause" is not defined in the rules governing district justice proceedings. ***Anderson v. Centennial Homes, Inc.***, 594 A.2d 737, 739 (Pa. Super. 1991). Black's Law Dictionary defines good cause as a

> [s]ubstantial reason, one that affords a legal excuse. Legally sufficient ground or reason. Phrase "good cause" depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed. . . . "Good cause" is a relative and highly abstract term, and its meaning must be determined not only by verbal context of statute in which term is employed but also by context of action and procedures *involved in type of case presented....*

***Id.*** (citing Black's Law Dictionary 623 (5th ed. 1979) (emphasis original citations omitted)).

In ***Anderson***, we noted that "while the term good cause may be difficult to define, it is clear that [the party seeking to reinstate the appeal] must proffer some legally sufficient reason for the trial court" to do so. ***Anderson***, 594 A.2d at 739. Significantly, we emphasized that the determination of whether good cause has been demonstrated is entrusted to the trial court's sound discretion. ***Id***. As such, we review the trial court's decision in this regard under an abuse of discretion standard. ***See also*** 25 Standard

Pennsylvania Practice 2d § 130:166 (1984) ("An appeal from a decision of a district justice which has been stricken should be reinstated only under exceptional circumstances").

Here, the trial court refused to reinstate the appeal from the decision of the municipal court because it believed that Tenants did not show good cause. Trial Court Opinion, 11/7/19, at 3. Instead, the trial court concluded that Tenants "provided an incorrect interpretation of [Local] Rule 1001(f)(1)(i)" and a "misguided" interpretation of the CMO. *Id*. Because Tenants did not offer any justifiable reason for the error, we cannot conclude that the trial court abused its discretion in denying their application to reinstate the appeal from the municipal court. Thus, Tenants first issue warrants no relief.

In their second issue, Tenants claim the trial court committed reversible error by not reinstating the notice of appeal from the municipal court where no praecipe for a rule to file complaint had been filed by Landlords, as required by the CMO.

Notably, neither the CMO nor the Local Rules require Landlords, as defendants in the municipal court below and as appellees in the court of common pleas, to file a rule upon Tenants, who were the moving party in both courts. Under Tenants' interpretation of the rules and the CMO, they could simply wait for months for Landlords to act before they were required to file a complaint. That is not the procedure outlined in the Local Rules governing appeals from the municipal court. Instead, as the moving party in both courts,

Tenants were obligated to proceed with their cases in a timely manner. Specifically, Tenants had twenty days to file a complaint from the time they filed their notice of appeal. Quite simply, Landlords had no obligation to file a Rule upon Tenants to file their complaint. The trial court recognized that any mistake or misinterpretation of the CMO and the Local Rules was on the Tenants as plaintiffs. The trial court committed no reversible error here. Thus, their second claim warrants no relief.

Finally, Tenants claim the trial court committed reversible error by not reinstating the notice of appeal from the municipal court where good cause existed to reinstate the appeal and where a proposed complaint was filed promptly. In their argument on this issue, Tenants rely on Rule 126 of the Pennsylvania Rules of Civil Procedure to argue that their failure to comply with Local Rule 1001(f)(1(i) should be overlooked.

However, as the Landlords observe in their brief, and our independent review confirms, Tenants did not preserve this issue in their Pa.R.A.P. 1925(b) concise statement. Landlords' Brief at 6-9. Our law provides that, "[a]ny issues not raised in a [Pa.R.A.P.] 1925(b) statement shall be deemed waived." **US Bank v. Hua**, 193 A.3d 994, 996-97 (Pa. Super. 2018). Because Tenants failed to raise any issue regarding Pa.R.C.P. 126 in their Pa.R.A.P. 1925(b) statement, they waived our review of this issue on appeal.

Since none of Tenants' issues warrant relief, we affirm the order of the trial court denying Tenants' motion to reinstate their appeal to the court of common pleas.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20