J-A08001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BANK OF AMERICA N.A., NEW PENN FINANCIAL LLC, D/B/A SHELLPOINT MORTGAGE SERVICING | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ROCCO PAPAPIETRO, ANTHONY PAPAPIETRO, AND JOSEPH PAPAPIETRO | : : : : | No. 1350 EDA 2020 |
| Appellants | : | |

Appeal from the Order Entered June 23, 2020
In the Court of Common Pleas of Wayne County
Civil Division at No(s):  No. 332-CV-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 12, 2021**

Rocco, Anthony, and Joseph Papapietro (collectively, "the Papapietros") appeal from the order entered in the Wayne County Court of Common Pleas, denying their motion for leave to file a post-trial motion *nunc pro tunc*. We affirm.

This case stems from an action for foreclosure brought by Bank of America on residential property owned by the Papapietros in Wayne County. The Papapietros defaulted on their mortgage obligations, and Bank of America commenced foreclosure proceedings against them. Following a bench trial, the

_____

* Former Justice specially assigned to the Superior Court.

trial court entered judgment in favor of Bank of America and against the Papapietros in the amount of $281,592.18.

The Papapietros filed a notice of appeal from the judgment entered in favor of Bank of America. However, during the pendency of that appeal, the Papapietros filed a motion for leave to file a post-trial motion *nunc pro tunc*. As a result, this Court quashed the Papapietros's appeal. **See** Order, 7/29/2020. Thereafter, the trial court denied the Papapietros's motion for *nunc pro tunc* relief. The Papapietros filed a new notice of appeal, and the trial court ordered the Papapietros to file, within twenty-one days, a Pa.R.A.P. 1925 (b) statement of errors complained of on appeal. The Papapietros failed to comply with the trial court's order.

On appeal, the Papapietros argue that the trial court erred when it denied their motion for leave to file a post-trial motion *nunc pro tunc*. **See** Appellant's Brief at 14. Specifically, the Papapietros allege that they were prevented from filing a timely post-trial motion because they received the order communicating the trial court's verdict after the time for post-trial motions had expired. **See id**., at 15. Therefore, the Papapietros seek the reversal of the trial court's order denying their motion for leave to file a post-trial motion *nunc pro tunc*. **See id**., at 18.

As an initial matter, we must address the effect of the Papapietros's total failure to file a Pa.R.A.P. 1925(b) statement. To preserve a claim for appellate review, an appellant must comply with the trial court's order to file a Pa.R.A.P. 1925 (b) statement of errors complained of on appeal. **See U.S. Bank, N.A.**

*v. Hua*, 193 A.3d 994, 996-97 (Pa. Super. 2018) (citations omitted). An appellant's failure to file a Pa.R.A.P. 1925(b) statement, as directed, results in waiver of all issues on appeal. *See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*).

Here, the trial court informed the Papapietros that they were required to file their Pa.R.A.P. 1925(b) statement within twenty-one days. *See* Trial Court Order, 7/16/2020. The Papapietros, however, failed to file their Pa.R.A.P. 1925(b) statement, as required by the trial court's order. *See* Trial Court Order, 8/12/2020. Consequently, the Papapietros waived their claim on appeal. *See Greater Erie Industrial Development Corp.*, 88 A.3d at 226.

Therefore, since the Papapietros waived their claim on appeal, we affirm the trial court's order in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2021

- 3 -