J-S19040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEWARTSTOWN RAILROAD COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES DAVID CATHELL, SR. | : | |
| | : | No. 1196 MDA 2023 |
| Appellant | : | |

Appeal from the Order Entered July 28, 2023
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-002455

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: AUGUST 8, 2024**

Appellant, James David Cathell, Sr. (Defendant), appeals from an order of the Court of Common Pleas of York County (the trial court) granting partial summary judgment, a declaratory judgment, and a permanent injunction in favor of Stewartstown Railroad Company (Plaintiff) in an action brought by Plaintiff against Defendant concerning a right-of-way of Plaintiff on Defendant's property.  For the reasons set forth below, we quash the appeal in part for lack of jurisdiction and affirm the trial court as to the two portions of the order over which we have appellate jurisdiction, the declaratory judgment and permanent injunction.

Defendant is the owner of a property at 1517 Deer Creek Road, New Freedom, Pennsylvania (the Property) under deeds that specifically reference

_____

[*] Retired Senior Judge assigned to the Superior Court.

a 33-foot right-of-way of Plaintiff across the Property.  2010 Deed at 2; 2001 Deed at 2; N.T. Preliminary Injunction Hearing, 8/18/22, at 22-23.  Plaintiff's right-of-way was created in 1884 by conveyances that granted "Stewartstown Railroad Company, their successors and assigns, the absolute right of way and use to and for said Railroad Company, to enter upon, locate and construct … to such extent as may be necessary for the location, construction, opening, and use of said Railroad."  Right-of-Way Grants.  Although Plaintiff does not presently run trains that connect to the national interstate rail system,[1] Plaintiff's railroad tracks remain on the Property, and the right-of-way and the railroad tracks on it have been used for excursion trains and are currently used for rail biking tours.  N.T. Preliminary Injunction Hearing, 8/18/22, at 5-8, 19-20, 29, 32-34, 37-39; N.T. Contempt Hearing, 10/21/22, at 6.

On November 12, 2021, Plaintiff commenced an action against Defendant alleging that Defendant was obstructing its use of its right-of-way on the Property and asserting a claim for a declaratory judgment declaring the validity of its right-of-way on the Property, a claim for injunctive relief prohibiting Defendant from obstructing or interfering with Plaintiff's use of the

_____

[1] Plaintiff's 7.4 mile rail line was removed from the national interstate rail system by a 2012 decision of Surface Transportation Board (STB). ***Stewartstown Railroad Company - Adverse Abandonment - in York County, Pa.***, STB Docket No. AB 1071, 2012 WL 5828750 (Nov. 16, 2012). While the parties and trial court treat this removal of Plaintiff's rail line from the interstate rail system as remaining in effect, it appears that the STB vacated that decision in 2013. ***Stewartstown Railroad Company - Adverse Abandonment - in York County, Pa.***, STB Docket No. AB 1071, 2013 WL 6036969 (Nov. 14, 2013). In light of our resolution of this appeal, we need not decide this issue of Plaintiff's status.

right-of-way, and claims for interference with an express easement and for nuisance. ***Stewartstown Railroad Co. v. Cathell (Stewartstown Railroad I)***, 1581 MDA 2022, slip op. at 2 (Pa. Super. July 26, 2023); Amended Complaint ¶¶17-34. On May 12, 2022, Defendant filed an answer and new matter in which he asserted a counterclaim against Plaintiff seeking damages for trespass. Answer and New Matter ¶¶44-55.

On July 28, 2022, Plaintiff filed a petition for a preliminary injunction, and the trial court, after holding hearings, issued a preliminary injunction on August 30, 2022, prohibiting Defendant from blocking or disrupting Plaintiff's use of the right-of-way and from damaging or modifying the railroad tracks on plaintiff's right-of-way. ***Stewartstown Railroad I***, 1581 MDA 2022, slip op. at 2-5; Preliminary Injunction Order, 8/30/22. Defendant did not appeal the preliminary injunction and was subsequently found in contempt of the preliminary injunction. Defendant appealed the civil contempt finding and sanctions that the trial court imposed, and this Court affirmed the contempt and sanctions on July 26, 2023. ***Stewartstown Railroad I***, 1581 MDA 2022, slip op. at 5-14.

While Defendant's contempt appeal was pending, Plaintiff filed a motion for partial summary judgment seeking judgment in its favor on its declaratory judgment, injunctive relief, and interference with easement claims and on Defendant's trespass counterclaim. Plaintiff's Partial Motion for Summary Judgment ¶¶25-69. Defendant opposed Plaintiff's motion for summary judgment on the grounds that Plaintiff's grants of right-of-way were not

recorded at the time that Defendant acquired the Property, that Plaintiff's right-of-way had allegedly been abandoned, that Plaintiff's current use of the right-of-way to operate rail biking, rather than a railroad, was allegedly outside the scope of the Plaintiff's easement rights, that Plaintiff had committed a trespass regardless of the validity of its right-of way by allegedly spraying chemicals on the Property outside the right-of way, and that there were disputed issues of fact concerning abandonment, Plaintiff's use of the right-of way, and chemical spraying. Reply to Motion for Summary Judgment at 1-2 & ¶¶7, 14, 18, 25, 28-29, 31-34 & n.4, 39-41, 45, 49, 54, 63, 68.

On July 28, 2023, the trial court entered an order granting summary judgment in Plaintiff's favor on Plaintiff's declaratory judgment, injunctive relief, and interference with easement claims and Defendant's trespass counterclaim. Trial Court Order, 7/28/23. In this order, the trial court also granted a declaratory judgment that Plaintiff's right-of-way on the Property is valid, binding, and enforceable and that Plaintiff has the right to the absolute and unobstructed use of the right-of-way and granted a permanent injunction enjoining Defendant from interfering with Plaintiff's use of the right-of-way. *Id.* ¶¶1, 4. On August 23, 2023, Defendant appealed that order to this Court.

Before we may consider the issues that Defendant seeks to raise in this appeal, we must first determine whether the July 28, 2023 order is an appealable order and whether Defendant preserved any issues for appellate review.

- 4 -

The July 28, 2023 order is not appealable as a final order under Pa.R.A.P. 341. An order in a civil case is an appealable final order only if it "disposes of all claims and of all parties" or is entered as a final order under Pa.R.A.P. 341(c). Pa.R.A.P. 341(b)(1), (3). The July 28, 2023 order did not dispose of all claims, as it made no ruling on Plaintiff's nuisance claim and the parties concede that the nuisance claim remains pending in the trial court. Appellant's Response to Rule to Show Cause at 1; Appellee's Brief at 1. The July 28, 2023 order was also not entered as a final order under Rule 341(c). Rule 341(c) provides that a trial court "may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). The trial court made no express determination that immediate appeal would facilitate resolution of the entire case in its July 28, 2023 order or any subsequent order.

Although the July 28, 2023 order is not an appealable final order, two of its provisions, the declaratory judgment and permanent injunction are appealable because they are interlocutory orders appealable as of right under Pa.R.A.P. 311. Rule 311 provides in relevant part:

> An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:
>
>         *         *         *
>
> (4) Injunctions. An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

(i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a); or

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

\* \* \*

(8) Other Cases. An order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.

Pa.R.A.P. 311(a)(4), (8) (italics omitted).

An order that grants declaratory relief and resolves the entire declaratory judgment dispute between two parties is an "order that is made final or appealable by statute or general rule" and is an appealable order under Rule 311(a)(8).  42 Pa.C.S. § 7532 (declaratory judgment "shall have the force and effect of a final judgment or decree"); ***Pennsylvania Manufacturers Indemnity Co. v. Pottstown Industrial Complex LP***, 215 A.3d 1010, 1014 n.1 (Pa. Super. 2019).  The trial court's declaratory judgment in Plaintiff's favor resolved the entire declaratory judgment dispute between Plaintiff and Defendant and is therefore an appealable interlocutory order.  The trial court's permanent injunction is an "order that grants … an injunction." Pa.R.A.P. 311(a)(4).  The exceptions to the appealability of such an order do not apply here, as the permanent injunction was granted on summary judgment, not after a trial.

Because the trial court's declaratory judgment and permanent injunction are appealable interlocutory orders, this Court has appellate jurisdiction of Defendant's appeal of those two portions of the July 28, 2023 order. No such jurisdictional basis, however, exists for interlocutory appeal of any other portion of July 28, 2023 order. We therefore quash Defendant's appeal from the trial court's summary judgment on Plaintiff's interference with easement claim and its summary judgment on Defendant's trespass claim.

The other preliminary issue before us is whether Defendant preserved any issue for our review in his appeal of the declaratory judgment and permanent injunction. Plaintiff argues and the trial court found that Defendant waived all issues on appeal because he failed to timely file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellee's Brief at 16-18; Trial Court Rule 1925(a) Opinion, 9/20/23. We agree.

Rule 1925(b) provides that the judge whose order has been appealed may enter an order directing the appellant to, within 21 days, file of record and serve on the judge a concise statement of errors complained of on appeal and that if such an order is entered, any issue not included in a timely filed and served concise statement is waived. Pa.R.A.P. 1925(b)(1), (2), (4); ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 996 (Pa. Super. 2018). The law is clear that where a trial court has issued a Rule 1925(b) order that satisfies Rule 1925(b)'s requirements and the docket shows that it was sent by the court to all parties, the

appellant's failure to timely file a concise statement in compliance with that order waives all issues on appeal. ***U.S. Bank***, 193 A.3d at 996-97; ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-27 (Pa. Super. 2014) (*en banc*); ***In re Estate of Boyle***, 77 A.3d 674, 679 (Pa. Super. 2013).

The trial court issued an order on August 24, 2023 that complied with the requirements of Rule 1925(b). Trial Court Rule 1925(b) Order, 8/24/23. That order directed Defendant to file a concise statement of errors complained of on appeal within 21 days of the entry of the Rule 1925(b) order and serve the concise statement on the judge within that period and advised Defendant that any issue not included in a timely filed and served concise statement "shall be deemed waived." ***Id.*** The date of entry of the Rule 1925(b) order from which that 21-day period for filing the concise statement is calculated is the date on which the docket notes that notice was given to the parties. ***Greater Erie Industrial Development Corp.***, 88 A.3d at 226. The docket in this case notes that notice of the Rule 1925(b) order was given to the parties on August 25, 2023. Certified Docket Entries at 2. Defendant was therefore required to file his concise statement no later than September 15, 2023.

Defendant, however, did not file any concise statement until September 19, 2023. Certified Docket Entries at 2. Defendant does not claim that he attempted to file the concise statement on or before September 15, 2023 and was prevented from doing so by events beyond his control. To the contrary, Defendant's concise statement bears the date September 19, 2023 and his

- 8 -

certificate of service states that it was served on the judge on September 19, 2023. Defendant's 1925(b) Statement at 3, 5. Defendant also does not dispute that the Rule 1925(b) order was sent to him on August 25, 2023 and that he in fact received the Rule 1925(b) order. Defendant's Application to Enlarge Time to File Rule 1925(b) Statement ¶¶3, 6.

Rather, Defendant argues that his concise statement should be treated as timely because he received the Rule 1925(b) order on August 31, 2023, less than 21 days before his September 19, 2023 concise statement, because the untimeliness was only a few days and waiver should not apply where injustice would result and there is no prejudice from the delay, and because he requested that the trial court grant an enlargement of time or permit him to file the statement *nunc pro tunc*. Appellant's Brief at 24-27. None of these arguments has merit.

Contrary to Appellant's contention, the time to file a concise statement runs from the date of entry of the order, Pa.R.A.P. 1925(b)(2)(i), which is the date that the docket notes that notice of the order was given, not the date of receipt. *Greater Erie Industrial Development Corp.*, 88 A.3d at 226; Pa.R.A.P. 108(b). The rule that failure to timely file a concise statement ordered by the court waives all issues on appeal in a civil case applies even where the untimeliness is only a few days and without regard to the substance of the issues that the appellant wishes to litigate. *Greater Erie Industrial Development Corp.*, 88 A.3d at 224-27 (all issues held waived where appellant's concise statement was three days late). In *Greater Erie*

- 9 -

***Industrial Development Corp.***, this Court specifically held the rule that failure to file a timely Rule 1925(b) concise statement waives all appellate issues is a bright-line, automatic waiver rule as to which this Court cannot create exceptions that are not based on Rule 1925(b)'s provisions. ***Id.*** at 224-25.

***Velasquez v. Miranda***, 297 A.3d 837 (Pa. Super. 2023), cited by Appellant, is inapplicable here. ***Velasquez*** involved the failure to file a concise statement with the notice of appeal in a children's fast track appeal, as is required by Rule 1925(a)(2), and whether that invalidated the appeal, not whether failure to timely file a concise statement in compliance with a court order under Rule 1925(b) waives claims of error, and the Court noted that the consequences of noncompliance with Rule 1925(a)(2) are governed by a different standard than failure to comply with Rule 1925(b). 297 A.3d at 841. Unlike Defendant, the appellant in ***Velasquez*** timely complied with the court order to file and serve a concise statement. ***Id.*** at 842.

Defendant's application for enlargement of time or *nunc pro tunc* filing cannot make his late concise statement timely. While a court may grant an enlargement of time or *nunc pro tunc* filing of concise statement for good cause shown or in extraordinary circumstances, Pa.R.A.P. 1925(b)(2)(i), Defendant did not file this application before the deadline for his concise statement or even contemporaneously with his untimely concise statement. Rather, he filed the application, which the trial court denied, on September 24, 2023, nine days after the concise statement was due, five days after his

untimely concise statement, and after the trial court had issued its Rule 1925(a) opinion finding that his issues were waived by failure to timely file his concise statement. Certified Docket Entries at 2. Moreover, Defendant set forth no good cause or extraordinary circumstances in his application. The only facts that Defendant asserted as grounds for enlargement of time or late filing were that a copy of the Rule 1925(b) order was not uploaded on the electronic docket until August 28, 2023 and that he received the Rule 1925(b) order on August 31, 2023. Defendant's Application to Enlarge Time to File Rule 1925(b) Statement ¶¶4-6. Neither of these facts constitute good cause or extraordinary circumstances because Defendant made no allegation that these minor delays caused him to need additional time or affected his ability to file his concise statement by September 15, 2023. Indeed, the August 28, 2023 uploading could not possibly have caused Defendant's untimeliness, as Defendant filed his concise statement more than 21 days after August 28, 2023. The trial court therefore did not err in denying Defendant's application for enlargement of time or *nunc pro tunc* filing.

Because Defendant did not timely file a concise statement of errors complained of on appeal in compliance with the trial court's Rule 1925(b) order, we are constrained to conclude that Defendant has waived all issues in his appeal and affirm the trial court's declaratory judgment and injunction without addressing the merits. ***U.S. Bank***, 193 A.3d at 997-99 & n.3; ***Greater Erie Industrial Development Corp.***, 88 A.3d at 226-27.

For the reasons set forth above, the July 28, 2023 order that is the subject of this appeal was not a final order, only the trial court's declaratory judgment and permanent injunction are appealable interlocutory orders, and Defendant has waived all issues in this appeal. We accordingly quash Defendant's appeal from the trial court's entry of summary judgment on Plaintiff's interference with easement claim and Defendant's trespass claim and affirm the trial court's declaratory judgment and permanent injunction.

Appeal quashed in part. Trial court's declaratory judgment and permanent injunction affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/8/2024