J-A16039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIKE MURPHY AND MIKE MURPHY RENTALS, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK HOOVER AND JEFFREY D. SERVIN, ESQ. | : | No. 1445 MDA 2018 |
| | : | |
| APPEAL OF: JEFFREY D. SERVIN | : | |

Appeal from the Judgment Entered August 3, 2018
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2016-06899

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: JULY 23, 2019**

Appellant Jeffrey D. Servin, Esq., appeals from the judgment entered in the Court of Common Pleas of Cumberland County on August 3, 2018, following the filing of a Motion for Imposition of Sanctions and Motion to Make Rule Absolute by Appellees Mike Murphy and Mike Murphy Rentals, Inc.  We affirm.

On December 12, 2016, Appellees filed a **_Dragonetti_**[1]/abuse of process action against Appellant and his former client, Mark Hoover following a

---

[1] The **_Dragonetti_** Act created the following cause of action:

> **(a) Elements of action.--**A person who takes part in the procurement, initiation or continuation of civil proceedings against

---
*   Former Justice specially assigned to the Superior Court.

frivolous lawsuit filed by Appellant on behalf of Hoover in the Cumberland County Court of Common Pleas at Docket No. 2016-00934 which had been dismissed with prejudice on August 18, 2016. Appellant filed Preliminary Objections thereto on February 14, 2017, and in its Order filed on May 12, 2017, the trial court overruled those objections and directed Hoover to file an answer to Appellees Complaint within twenty (20) days of the receipt of the Order. In its Order dated May 30, 2017, the trial court also ruled upon and denied Appellant's "Motion to Vacate Order by Stipulation" that had been filed on May 26, 2017, in connection with the trial court's May 12, 2017, Order. Hoover ultimately filed his Answer on June 9, 2017.

On May 29, 2018, the trial court granted Appellees' Motion to Compel Discovery Responses ordered Hoover to complete and verify the outstanding request for production of and produce all response documents for the benefit Appellees within twenty (20) days or face sanctions. When Hoover and

---

another is subject to liability to the other for wrongful use of civil proceedings:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
(2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a).

- 2 -

Appellant still had not complied with the trial court's Order thirty (30) days later, on June 29, 2018, Appellees filed a Motion for Special Relief requesting that sanctions be imposed upon them.

The trial court issued a Rule to Show Cause upon Hoover and Servin on July 3, 2018, giving them ten (10) days from the date of service of the Order in which to respond as to why the requested relief should not be granted. Appellees served the Rule to Show Cause upon Hoover and Servin *via* email and U.S. mail on July 9, 2018, and provided proof of service for the same. When they received no response, Appellees filed their Motion to Make Rule Absolute, and the trial court granted the Motion on July 27, 2018, at which time Hoover and Appellant were sanctioned $350.00 in attorney's fees, ordered to produce the requested discovery within five days, and warned that their failure to do so would result in judgment being entered in favor of Appellees. Upon their failure to comply, the trial court entered judgment in favor of Appellees on August 3, 2018.

On August 30, 2018, Appellant purported to file a Notice of Appeal from the Orders entered on July 27, 2018, and August 8, 2018.[2] On September

---

[2] "It is well-established that [a]ppeals to this Court are usually permitted only after entry of a final judgment .... [a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 645 (Pa.Super. 2013) (citation omitted). Appellees had judgment entered on August 3, 2018; the trial court did not enter an Order on August 8, 2018.

5, 2018, the trial court directed Appellant to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed what he titled "Appellants' Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal" on September 24, 2019.

In his brief, Appellant presents the following question for this Court's review:

> Whether a motion to compel production of documents could violate the attorney/client privilege, as so asserted by Mark Hoover, should the Appellant, so as not to violate said privilege transmit those documents to the trial judge, to assess and review whether their disclosure would so violate said privilege in order for Appellant not to violate the rules of professional responsibility for an attorney and subject said attorney to disciplinary action.

Brief for Appellant at 1 (unnecessary capitalization omitted).

In its Statement in Lieu of 1925(a) Opinion filed on December 27, 2018, the trial court states, *inter alia*, the following:

> [Appellant] an attorney licensed to practice in Pennsylvania, has filed Appellants' Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal that does not comply with Pennsylvania Rules of Appellate Procedure 1925; consequently all issues should be deemed waived, and the appeal should be denied. The Statement of Matters amounts to a general, unsubstantiated claim of error. Importantly, [Appellant] has failed to concisely state any specific error made by this court which makes a direct and detailed response to the appeal nearly impossible. [Appellant's] Statement of Matters does not identify any cognizable error of law, and consists of mere argument and a self-serving conclusion of law claiming his actions should be excused under the attorney-client privilege and for reasons of personal hardship.

Statement in Lieu of 1925(a) Opinion, filed 12/27/18, at 1.

Therefore, prior to reaching the merits of Appellant's issue, we must address whether he has preserved it for our review. In this regard, this Court recently observed that:

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309; **see also Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775, 780 (2005) (stating any issues not raised in a Rule 1925(b) statement are deemed waived). This Court has held that "[o]ur Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.' " **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original) (quoting **Commonwealth v. Schofield**, 585 Pa. 389, 888 A.2d 771, 774 (2005).

**U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua**, 193 A.3d 994, 996–97 (Pa.Super. 2018).

Here, the day after Appellant filed his notice of appeal, the trial court directed him to file a concise statement of errors complained of on appeal within twenty-one (21) days. That statement consists of ten individually numbered paragraphs followed by a wherefore clause which reads like a narrative. In fact, when the "concise statement" is compared with the

appellate brief Appellant has presented for this Court's review, it is evident that the documents read verbatim, except for the numbers one (1) through ten (10) which are placed in front of the various paragraphs in the concise statement. For this reason, we agree with the trial court that Appellant has waived his claim on appeal by failing to adequately specify the nature of that claim in his Rule 1925(b) statement. *See Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006) ("If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument."), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).

In light of the foregoing, we cannot reach the merits of Appellant's claim.

Judgment Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2019