J-S40038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| LORIN A. CROCE | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCIA CROCE | : | |
| | : | |
| Appellant | : | No. 206 WDA 2019 |

Appeal from the Order Entered January 15, 2019
In the Court of Common Pleas of Indiana County Civil Division at No(s):
11499 CD 2015

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                          FILED AUGUST 16, 2019

Marcia Croce (Wife) appeals from the order entered in the Court of

Common Pleas of Indiana County (trial court) denying her petition to set aside

her divorce settlement agreement with Lorin A. Croce (Husband).  We affirm.

In 2015, Husband filed a complaint in divorce against Wife.  Both parties

were represented by counsel for several years until October 2018 when Wife's

counsel withdrew and she began to represent herself.  Soon after, Husband

filed a motion for appointment of a master for divorce and distribution of

property, which was granted.  The master held a settlement conference that

concluded with Husband and Wife signing an agreement disposing of all claims

which was filed in the trial court.

About three weeks later, Wife filed a complaint in the trial court that it

treated as a petition to set aside the parties' agreement.  Among other things,

Wife alleged that she involuntarily signed the agreement at the conference

_____

*   Retired Senior Judge assigned to the Superior Court.

due to duress. The trial court held a hearing on Wife's petition and heard testimony from both her and the master. After the hearing, the trial court entered an order denying the petition. Wife filed a timely pro se notice of appeal and the trial court ordered her to file a Pa.R.A.P. 1925(b) statement within 21 days. In its order, the trial court notified Wife that any issue not properly included in the statement shall be deemed waived. However, Wife never filed a Pa.R.A.P. 1925(b) statement.

We first address whether Wife has properly preserved any issues for review. This Court has previously emphasized the requirement to submit a Pa.R.A.P. 1925(b) statement:

> Pa.R.A.P 1925(b) provides that a judge entering an order giving rise to a notice of appeal 'may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement').' Rule 1925 also states that '[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.' Pa.R.A.P. 1925(b)(4)(vii). In Commonwealth v. Lord, [ ] 719 A.2d 306 ( [Pa.] 1998), our Supreme Court held that 'from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.' Lord, 719 A.2d at 309; see also Commonwealth v. Castillo, [ ] 888 A.2d 775, 780 ( [Pa.] 2005) (stating any issues not raised in a Rule 1925(b)statement are deemed waived). This Court has held that '[o]ur Supreme Court intended the holding in Lord to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.' Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in original) (quoting Commonwealth v. Schofield, [ ] 888 A.2d 771, 774 ( [Pa.] 2005)).

U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua, 193 A.3d 994, 996-97 (Pa. Super. 2018).

Before finding waiver, we must first determine if Wife was properly served with notice of her obligation under Pa.R.A.P. 1925(b) to file a statement of errors complained of on appeal. See Presque Isle, 88 A.3d at 226. "[S]trict application of the bright-line rule in Lord necessitates strict interpretation regarding notice of Rule 1925(b) orders." Id. "[F]ailure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b)." Id.

Here, the Indiana County Prothonotary's docket shows that the trial court's order directing Wife to file a Pa.R.A.P. 1925(b) statement was entered on February 11, 2019, along with the Prothonotary noting that copies were mailed to Wife and Husband's counsel on that same day. Wife concedes as much in her reply brief, instead blaming her failure to file a statement on her lack of having counsel. See Wife's Reply Brief, at 7-9. "[A]lthough this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefits upon an appellant." Commonwealth v. Lyon, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." Id. As a result, by failing to file a

Pa.R.A.P. 1925(b) statement, as required by the trial court's order, Wife's claims on appeal are waived.

Even if her claims were preserved, we would find that the trial court did not abuse its discretion in denying Wife's petition.[1]  As she did at the hearing, Wife claims that her assent to the settlement agreement was the product of duress.  Our Supreme Court has defined duress as follows:

> [T]hat degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness….  The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm….  Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness….  Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel….

_____

[1] The following standard of review would apply to Wife's claims:

> The determination of marital property rights through prenuptial, post[-]nuptial and settlement agreements has long been permitted, and even encouraged.  Both prenuptial and post-nuptial agreements are contracts and are governed by contract law.  Moreover, a court's order upholding the agreement in divorce proceedings is subject to an abuse of discretion or error of law standard of review.  An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.  We will not usurp the trial court's factfinding function.

Paroly v. Paroly, 876 A.2d 1061, 1063 (Pa. Super. 2005) (internal quotation marks, brackets, and citations omitted).

Degenhardt v. Dillon Co., 669 A.2d 946, 950 (Pa. 1996) (quotation omitted).

At the hearing, Wife testified that she was particularly stressed the morning of the conference and became more so as the conference progressed. Eventually, Wife conceded, she signed the agreement, testifying that she would have been willing to sign anything to get out of the conference. Moreover, much of Wife's testimony concerning duress was contrasted by the master, who testified that there was no undue coercion or duress applied toward Wife in order to get her to agree to the divorce settlement. Based on this, the trial court determined that Wife had not met her burden of proving that she should not be bound to the agreement due to duress, and Wife does not point us to any facts that would compel us to disturb the trial court's factual determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2019