J-A13019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TAMARA J. SWEENEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. SWEENEY AND ALBERT | : | No. 3095 EDA 2018 |
| C. OEHRLE, | : | |
| | : | |
| Intervenor | : | |

Appeal from the Judgment Entered October 17, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2012-11558

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 19, 2019**

Appellant Tamara J. Sweeney appeals from the judgment in the nature of a charging lien against real property entered in favor of Albert C. Oehrle, Esq., in the amount of $32,042.  Appellant raises various challenges to Attorney Oehrle's entitlement to a charging lien.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant filed a divorce complaint against her husband, Thomas J. Sweeney, on May 7, 2012.  Attorney Oehrle, the third of four attorneys to represent Appellant, entered his appearance on May 20, 2013.  Thereafter, Attorney Oehrle represented Appellant in the proceedings before the trial court and Master.   On August 29, 2014, the Master issued his report and

_____

[*] Retired Senior Judge assigned to the Superior Court.

recommendation on equitable distribution, alimony, counsel fees and costs. On September 16, 2014, Attorney Oehrle filed exceptions to the Master's report on Appellant's behalf.

Before the trial court ruled on Appellant's exceptions, Attorney Oehrle filed a petition to withdraw as counsel on October 3, 2014. In the petition, Attorney Oehrle claimed that he had "irreconcilable differences" with Appellant, making it "impossible or impracticable" for him to continue representation. Pet. for Leave to Withdraw, 10/3/14. On November 12, 2014, the trial court granted Attorney Oehrle's petition. Attorney Oehrle formally filed a withdrawal of appearance on November 13, 2014.

On December 19, 2014, Attorney Oehrle filed an emergency petition for a charging lien, claiming that Appellant owed an outstanding balance of $38,342 pursuant to the parties' fee and representation agreements. On March 11, 2015, the trial court deferred consideration of Attorney Oehrle's emergency pending its resolution of the equitable distribution exceptions. Attorney Oehrle filed an application for clarification or reconsideration on March 31, 2015. The trial court denied Attorney Oehrle's application on May 18, 2015, noting that it would "schedule a hearing regarding [Attorney] Oehrle's request for a charging lien" after the resolution of the equitable distribution issues. Order, 5/18/15.

On June 18, 2015, the trial court issued the divorce decree and entered a final equitable distribution order. Appellant timely filed a *pro se* notice of

appeal on July 13, 2015.[1]  On August 30, 2016, this Court affirmed the divorce decree and equitable distribution order.  ***See Sweeney v. Sweeney***, 2164 EDA 2015 (Pa. Super. filed Aug. 30, 2016) (unpublished mem.).

The parties took no further action until February 7, 2017, when Attorney Oehrle filed a petition to intervene and enforce a charging lien.  Appellant filed a *pro se* objection on June 22, 2017.  The trial court conducted hearings on the matter on September 6, 2017, and December 21, 2017, where Appellant continued to represent herself.  On December 26, 2017, the trial court granted Attorney Oehrle's petition to intervene, concluding that Attorney Oehrle possessed "a legally enforceable interest in this action (*i.e.*, the right to seek payment of his legal fees from the equitable distribution award)."  Order and Op., 12/26/17, at 3-4.

On April 16, 2018, Attorney Oehrle filed a petition seeking an order to assert a charging lien.  Following a continuance, the trial court conducted a hearing on September 18, 2018.  On September 19, 2018, the trial court directed the prothonotary to enter judgment in the nature of a charging lien in favor of Attorney Oehrle and against Appellant in the amount of $32,042.  The trial court's order also stated:

---

[1] On December 10, 2015, while the appeal was pending, Appellant filed a *pro se* petition and affidavit for leave to proceed *in forma pauperis* (IFP) in the trial court.  The trial court denied Appellant's petition on December 14, 2015, explaining that Appellant had sufficient income and assets.  The trial court docket reveals that Appellant made no further attempts to obtain IFP status, and she remains without IFP status for the instant appeal.

The charging lien is a lien against the real property, located at 173 Buckwalter Road, Royersford, Pennsylvania . . . and against all funds recovered by [Appellant] from the sale or disposition of that property or any part thereof or interest therein.

Order, 9/19/18. On October 17, 2018, Attorney Oehrle filed a *praecipe* to enter the judgment.

Also on October 17, 2018, Appellant timely filed a *pro se* notice of appeal. On November 27, 2018, Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising the following issues:

1. In the order to enter judgment in the nature of a charging lien in favor of [Attorney] Oehrle and against [Appellant], the court offered no reason for its decision nor did it make any statement from the bench. It is impossible for the Appellant to guess at the court's reasoning, thereby forcing the submission of a statement of errors expressly conditioned upon the premise that the court had engaged in wrongful reasoning.

2. The court is acting in bad faith by trying to indirectly invoke a waiver argument. Appellant claims a waiver may not be invoked because the reasons for a court's ruling are not discernable from the record.

3. Appellant further states that the court failed to address points of law arguing in her favor [sic] at the initial hearing on July 11, 2013. Appellant made repeated attempts to raise sixteen (16) arguments outlined in the [Appellant's] response to order to show cause and was rebuffed (cut-off) repeatedly by the Judge despite relying on case law and codes, enumerated facts, and violations of professional conduct by the intervenor.

4. Because the Judge pre-empted the Appellant from presenting evidence, she violated the Rules of Evidence that governed the hearings. This is in direct violation of 225 Pa. Code—Rules of Evidence.

5. Failure to consider evidence that was relevant, material, admissible, strong, sufficient, provable, and complete demonstrates the Judge was biased in favor of [the] opposing party and close-minded. This is a clear violation of Canon 2 of the PA Code of Judicial Conduct that commands impartiality.

6. In an egregious error, the court failed to consider the petition by the intervenor seeking order to assess charging lien was untimely. The petition was filed on April 16, 2018 while the divorce decree and order including equitable distribution, from which intervenor attempted to attach financial interest, was ordered, adjudged and decreed on June 18, 2015. Thus, the intervenor waited 2 years, 9 months, and 30 days after the final divorce judgment was rendered to assert [the] lien after judgment, which is proof of untimeliness.

7. Furthering the court's attempt to silence the Appellant, the Judge again refused to hear legal arguments and presentation of evidence at a second hearing on September 18, 2018. Instead, the Judge addressed only the accuracy of the billings statements in the fee dispute case and not its overall legal merits. This is a clear violation of Canon 3 of the PA Code of Judicial Conduct, which requires the Judge to provide each person a full right to be heard according to the law.

Rule 1925(b) Statement, 11/27/18, at 1-2 (citations, quotation marks, and some capitalization omitted).

The trial court filed a Rule 1925(a) opinion on January 7, 2019. The trial court emphasized that Appellant failed to pay for the transcription of the notes of testimony from the September 18, 2018 hearing, "which the trial court need[ed] to review in order to support its ruling on appeal." Trial Ct. Op., 1/7/19, at 2. The trial court cited Pa.R.A.P. 1911 for the proposition that an appellant shall request and pay for all relevant transcripts, and an appellant's failure to take such action may result in the dismissal of the appeal.

The trial court concluded that this Court should consider Appellant's issues waived due to her failure to comply with the Rule 1911.

Appellant now raises six issues for this Court's review:

[1]. Whether the court should uphold the [trial] court's ruling when the presiding Judge fails to file, within 30 days, a brief opinion of the reasons for the Order that gave rise to the statement of errors complained of on appeal.

[2]. Whether the court is allowed to assert an untimely charging lien.

[3]. Whether the court can assert a charging lien when a final divorce decree and equitable distribution is issued more than seven (7) months after an attorney withdraws representation.

[4]. Whether the court can assert a charging lien when, during representation, an attorney failed to meet the five-prong test as delineated in ***Recht v. Urban Redevelopment Authority of the City of Clairton***, [168 A.2d 134 (Pa. 1961)].

[5]. Whether the court should protect an attorney's lien who previously represented the client but did not contribute to the creation of a fund of money which was not in existence at the inception of representation.

[6]. Whether the court is allowed to assert a charging lien when there is no positive judgment or settlement for [Appellant].

Appellant's Brief at 6-8 (unpaginated) (some citations and capitalization omitted).[2]

---

[2] Although Appellant's statement of questions involved presents six issues for our review, Appellant's argument section is divided into four parts. ***See*** Pa.R.A.P. 2119(a) (stating that the argument shall be divided into as many parts as there are questions to be argued).

On appeal, Appellant initially asserts that the trial court issued an untimely Rule 1925(a) opinion, which failed to provide any reasons in support of the order directing the entry of judgment in the nature of a charging lien in favor of Attorney Oehrle.[3] ***Id.*** at 18. Regarding the trial court's emphasis on the missing transcripts, Appellant "states that she was aware of the transcription requirement but is financially impaired and unable to meet the document production requirement." ***Id.*** at 19. Appellant claims that she "has filed for [IFP] status with the [trial] court several times before but has been denied despite [providing] supporting . . . financial . . . information." ***Id.***

Appellant further argues that Attorney Oehrle untimely filed his petition seeking order to assert a charging lien, because he waited almost three years after the entry of the divorce decree to file the petition. ***Id.*** at 20. Moreover, Appellant contends that Attorney Oehrle is not entitled to a charging lien, because his representation did "not generate tangible fruits of service in . . . securing a fund out of which he seeks to be paid." ***Id.*** at 21. Appellant concludes that "there is no asset [upon] which to attach a lien," and the trial court "inappropriately entered judgment in favor" of Attorney Oehrle. ***Id.*** at 25.

Before addressing Appellant's substantive claims, we must consider whether Appellant has preserved any issues in this appeal. ***See***

---

[3] Appellant incorrectly cites Rule 1925(a)(2)(ii), governing children's fast track appeals, to support her assertion that the trial court untimely filed the Rule 1925(a) opinion. ***See*** Appellant's Brief at 18.

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *see also* Pa.R.A.P.

1925(b)(4)(vii). The interpretation and application of Rule 1925 raise

questions of law over which the standard of review is *de novo* and the scope

of review is plenary. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d

1002, 1005 (Pa. 2010) (plurality).

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309. This Court has held that "[o]ur Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

*U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua*,

193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted).

Instantly, Appellant's Rule 1925(b) statement and appellate brief do not

include the same issues. Specifically, Appellant's Rule 1925(b) statement

asserts that (1) the trial court did not provide adequate reasons in support of

its decision; (2) the trial court acted in bad faith by trying to invoke waiver;

(3) the trial court repeatedly cut-off Appellant during the hearing; (4) the trial

court prevented Appellant from presenting evidence; (5) the trial court demonstrated bias; (6) Attorney Oehrle's petition seeking an order to assert a charging lien was untimely; and (7) the trial court deprived Appellant of an opportunity to be heard. *See* Rule 1925(b) Statement at 1-2.

Although Appellant's appellate brief includes her challenge to the timeliness of Attorney Oehrle's petition, she abandoned the other issues related to the manner in which the trial court conducted the relevant hearings.[4] *See* Appellant's Brief at 18-26. Instead, Appellant presents new arguments regarding whether Attorney Oehrle satisfied the legal standards to establish his entitlement to a charging lien. *Id.* As Appellant failed to preserve these new arguments by first raising them in her Rule 1925(b) statement, we deem the arguments waived. *See Hua*, 193 A.3d at 996-97.

Although Appellant's Rule 1925(b) statement included her challenge to the timeliness of Attorney Oehrle's petition seeking an order to assert a charging lien, we note that Pa.R.A.P. 2119 requires:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

---

[4] To the extent Appellant attempted to challenge the manner in which the trial court conducted the hearings, we agree with the trial court's determination that Appellant's failure to pay for the transcription of the relevant notes of testimony inhibits our ability to engage in effective appellate review of such claims. *See* Pa.R.A.P. 1911 (reiterating that an appellant's failure to request any transcript required may result in, among other things, dismissal of the appeal).

\*    \*    \*

**(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (**see** Pa.R.A.P. 2132).

Pa.R.A.P. 2119(a), (c).

An appellant may face waiver under Rule 2119(a) by failing to cite to relevant case law or otherwise failing to develop issues in a meaningful fashion capable of review. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (indicating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)). Additionally, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).

Instantly, Appellant's brief contains significant defects. Regarding the one issue preserved in her Rule 1925(b) statement, Appellant violated Rule 2119(a) by failing to cite pertinent authority or otherwise develop her issue in

a meaningful fashion.[5]  **See Johnson**, 985 A.2d at 924.  Appellant also fails

to cite to the relevant portions of the record that support her argument.  **See**

Pa.R.A.P. 2119(c).  We cannot act as Appellant's counsel or read more into

her brief than it fairly conveys.  **See Blakeney**, 108 A.3d at 766.  Therefore,

Appellant's challenge to the timeliness of the petition seeking an order to

assert a charging lien is waived due to her failure to comply with the briefing

requirements of the Rules of Appellate Procedure.[6]  **See** Pa.R.A.P. 2119;

**Johnson**, 985 A.2d at 924.

In sum, Appellant's failure to comply with Rule 1925(b) and failure to

provide an adequate appellate brief result in the waiver of her claims on

appeal.  **See Johnson**, 985 A.2d at 924; **Hua**, 193 A.3d at 996-97.

---

[5] Appellant cites to four cases from sister jurisdictions and no relevant authority from Pennsylvania.  We reiterate that decisions of the courts of others states may have persuasive, but not binding, authority on this Court. **See Okeki-Henry v. Southwest Airlines, Co.**, 163 A.3d 1014, 1017 n.4 (Pa. Super. 2017) (stating same).

[6] Even if she did not waive her claim, Appellant would not be entitled to relief. Although Appellant suggests that Attorney Oehrle did not seek the charging lien until after the entry of the final divorce decree, the record belies Appellant's claim.  Attorney Oehrle first filed an emergency petition for a charging lien on December 19, 2014, **before** entry of the final divorce decree. The trial court deferred consideration of Attorney Oehrle's emergency pending its resolution of the equitable distribution exceptions.  Issues surrounding the equitable distribution were not resolved until after this Court affirmed the divorce decree and equitable distribution order in 2016.  Thereafter, Attorney Oehrle filed his petition to intervene in February 2017.  On this record, Attorney Oehrle provided timely notice of his intent to pursue a charging lien.

Accordingly, we affirm the judgment in the nature of a charging lien in favor of Attorney Oehrle and against Appellant.[7]

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19

_____

[7] Appellant also filed a motion to strike Attorney Oehrle's appellate brief as untimely filed. We note that Attorney Oehrle timely filed his brief on March 21, 2019, thirty days after Appellant filed her brief. **See** Pa.R.A.P. 2185(a) (requiring that, as a general rule, an appellee shall serve and file his brief within thirty days after service of the appellant's brief). Therefore, we deny Appellant's motion to strike.