J-A29044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| DANIEL HARRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RABBI HENOCH ROSENFELD | : | No. 1024 WDA 2019 |

Appeal from the Judgment Entered June 6, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): AR-18-003503

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED JANUARY 28, 2020

Daniel Harris (Harris) appeals pro se from the judgment entered against him and in favor of Rabbi Henoch Rosenfeld (Rosenfeld) by the Court of Common Pleas of Allegheny County (trial court) in this motor vehicle accident (MVA) litigation. We affirm.

We take the following background facts and procedural history from the trial court's August 29, 2019 opinion and our independent review of the record. On June 1, 2018, Harris and Rosenfeld were involved in an MVA at an intersection in Pittsburgh, Pennsylvania. Harris was stopped at a stop sign, waiting to turn left when Rosenfeld, who did not have a stop sign, entered the

_____

[*] Retired Senior Judge assigned to the Superior Court.

intersection and passed Harris. Without warning, Harris pulled out from the stop sign and struck the rear passenger side of Rosenfeld's vehicle.

Harris filed a lawsuit at the magistrate level seeking $947.00 in damages. After the magistrate entered judgment in favor of Rosenfeld, Harris appealed to Allegheny County's Mandatory Arbitration. There, judgment again was entered in favor of Rosenfeld. Harris appealed to the trial court, demanding a twelve-member jury trial. On May 24, 2019, the jury entered a unanimous verdict in favor of Rosenfeld. Harris had until June 3, 2019, to file timely post-trial motions. See Pa.R.C.P. 227.1(c)(1). On June 6, 2019, after Harris failed to file a timely post-sentence motion, judgment was entered on praecipe of Rosenfeld.

Harris then sent two letters to the trial court seeking a new trial. In a June 12, 2019 order, the trial court referenced a June 10, 2019 letter[1] that it received from Harris stating that it would deem it a post-trial motion and directed Rosenfeld to file a response. On June 21, 2019, after receiving Rosenfeld's response, Harris filed a letter seeking a new trial. In it, he made bald allegations against the trial court and the jury and complained about his health and the discovery provided by Rosenfeld. (See Correspondence, 6/21/19, at 1-2). The trial court denied Harris's post-trial motion on June 25,

_____

[1] The June 10, 2019 letter is not on the docket and is not part of the certified record provided to this Court.

2019. Harris filed a notice of appeal on July 12, 2019. He failed to file a court ordered Rule 1925(b) statement in the trial court but filed one in this Court on July 22, 2019. See Pa.R.A.P. 1925.

Before we reach the merits of Harris's appeal, we must consider whether he has preserved any issues for our review.[2] It is well-settled that:

> [Pennsylvania Rule of Appellate Procedure] 1925 provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." Lord, 719 A.2d at 309[.] This Court has held that "[o]ur Supreme Court intended the holding in Lord to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.'" Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis in original).

_____

[2] We acknowledge that Harris is acting pro se. However, it is well-settled that:

> Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

Norman for Estate of Shearlds v. Temple Univ. Health Syst., 208 A.3d 1115, 1118-19 (Pa. Super. 2019) (citation omitted).

U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua, 193 A.3d 994, 996-97 (Pa. Super. 2018). Importantly, Rule 1925 further provides that the statement of errors complained of must be filed in the trial court. See Pa.R.A.P. 1925(d)(1); see also Lord, supra at 308 ("Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal.").

Here, Harris failed to file a Rule 1925(b) statement in the trial court as ordered. Therefore, he has waived any issues and we are precluded from reviewing their merits. See Hua, supra at 997 ("[T]he failure to comply with Pa.R.A.P. 1925(b) results in the automatic waiver of issues raised on appeal.") (citation omitted).

Further, even were this not the case, the letter he filed in this Court in an apparent attempt to satisfy the Rule 1925(b) requirements merely states: "A concise statement of errors was requested. As per appeal letter filed July 12, 2009 to the [S]uperior [C]ourt for new trial and all documents in case file AR 18-003503, all law applicable should be applied (pro se rights requested)." (Rule 1925(b) Statement, 7/22/19). This does not identify any issue for our review and fails to satisfy the requirements of Rule 1925(b), thus waiving claims on appeal on this basis as well. See Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement

and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). A generalized statement that he was unsatisfied with how the trial proceeded does not present any cognizable issues for our review.

Finally, even if the Rule 1925(b) statement satisfied our Rules, Harris has also waived all issues with his woefully deficient appellate brief, which consists only of a one-page letter and attachments and does not contain any of the features required by our appellate rules. See Pa.R.A.P. 2101 ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."); see also Pa.R.A.P. 2111 (requiring appellant's brief to contain, inter alia, a separate and distinct statement of jurisdiction; order in question; statement of scope and standard of review; statement of questions involved; statement of the case; summary of the argument; argument; and conclusion with relief sought). Thus, Appellant has failed to develop any issue in any meaningful fashion capable of review and has waived all issues on this basis as well. Commonwealth v. Patterson, 180 A.3d 1217, 1229 (Pa. Super. 2018) (finding waiver because appellant's brief failed to develop issue in any meaningful fashion capable of appellate review.).

Accordingly, for all of these reasons, we conclude that all of Harris's issues are waived for our review and we affirm. See Presque Isle Downs, Inc., supra at 227; Patterson, supra at 1229.

Judgment affirmed. The Application to Expedite is declared moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2020