**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEW COURTLAND, MAX KENT, | : | No. 1916 EDA 2021 |
| SEBRINA ROBINSON,  AMANDA | : | |
| BRACY, JOSEPH DUFFEY | : | |

Appeal from the Order Entered August 23, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210401811

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM PER CURIAM:                    **FILED JULY 5, 2022**

J.C. (Appellant) appeals *pro se*[1] from the order sustaining the preliminary objections filed by New Courtland, Max Kent, Sebrina Robinson, Amanda Bracy, and Joseph Duffey (collectively Appellees) and dismissing Appellant's complaint with prejudice.  Appellant contends that the trial court was biased.  We affirm.

The relevant facts and procedural history of this matter were summarized by the trial court as follows:

This case originated following [Appellant's] two-week stay at New Courtland Square, an apartment complex with supportive services for the medically ill, in the Germantown section of Philadelphia County.  [Appellant] was an intended participant of a housing services program between New Courtland Square and his health

---

[1] Appellant elected to represent himself in the proceedings before the trial court and on appeal.

insurance provider[.] [T]hrough the program, the insurance provider would pay [Appellant's] rent provided he complete an application and comply with program requirements. New Courtland Square provided [Appellant] with temporary housing over a two-week period in late February/early March 2021, during which [Appellant] did not complete his application for the program or meet with program staff as [required].

On April 21, 2021, [Appellant] initiated this action alleging trespass, Pennsylvania wrongful eviction, Pennsylvania Unfair Trade Practices and Consumer Protection, Pennsylvania Conversion, Private Nuisance, Breach of Contract, Promissory Estoppel, Invasion of Privacy, Intentional Infliction of Emotional Distress, and Illegal Self-Help Lockouts by complaint. On June 8, 2021, [Appellees] filed preliminary objections raising ten objections to [Appellant's] complaint.

On July 1, 2021, [Appellant] filed a motion for an extension of time to respond to [Appellees'] preliminary objections, which was granted and allowed J.C. until August 1, 2021 to reply. On August 6, 2021, [Appellant] filed a reply to [Appellees'] preliminary objections, from which it is clear that [Appellant] believes that presenting the legal sufficiency of his case can be accomplished by making abusive and disparaging personal remarks against opposing counsel while simultaneously refraining from conforming to any rule of court or raising any actual legal issues or substantive merits of his own case. Further, [Appellant] threatened this [c]ourt with endless litigation if this [c]ourt did not find in his favor[:] "Talk about for spite[,] if I lose this case there is going to be lifetime litigation, I am filing suits for the next 30 years for spite." Throughout his reply in opposition to [Appellees'] preliminary objections, [Appellant] states that the standard of review is that of a motion to dismiss and in all of his submissions to this Court has consistently cited to federal, not Pennsylvania, law.

On August 12, 2021, [Appellees] filed a response in opposition and on August 23, 2021, this [c]ourt issued an order sustaining [Appellees'] preliminary objections and dismissing [Appellant's] complaint. . . . .

Trial Ct. Op., 11/8/21, at 1-3 (formatting altered and footnotes omitted).[2]

The trial court specifically noted the flagrantly racist, abusive, and inappropriate language used extensively by J.C. throughout his pleadings. *Id*. On September 21, 2021, Appellant filed a timely notice of appeal in which he continued the use of racist and inflammatory language. Accordingly, Appellees filed a motion to strike Appellant's notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and in a subsequent order, while acknowledging the abusiveness and impropriety of Appellant's racist language, it denied Appellees' motion to strike. Order, 10/25/21.

On October 7, 2021, Appellant filed his purported Rule 1925(b) statement, and on November 8, 2021, the trial court filed its opinion.

In his brief, Appellant raises the following issues:

A. Generally, the dismissal of the complaint was illegal, and it should move forward with all claims, do you agree?

B. This case needs to be reassigned on remand, do you agree?

Appellant's Brief at 3 (some formatting altered).

At the outset, we first address whether Appellant preserved these issues on appeal. It is well settled that issues that are not included in a court-ordered

---

[2] In its opinion, the trial court utilizes two separate footnotes to extensively discuss the racist comments Appellant directed at Appellees' counsel. **See** Trial Ct. Op., 11/8/21, at 2-3, n.2 and n.3. We decline to restate the inflammatory language cited in the trial court's footnotes detailing Appellant's vitriol in this Memorandum as it is not necessary for the disposition of this appeal.

Rule 1925(b) statement are waived. ***U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua***, 193 A.3d 994, 996 (Pa. Super. 2018) (citing ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998), ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005)). "This Court has held that our Supreme Court intended the holding in ***Lord*** to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Id.*** (citations omitted and formatting altered).

Here, Appellant's Rule 1925(b) statement is a three-page attack on the trial court. However, it presents no issues in connection with the order sustaining Appellees' preliminary objections and dismissing Appellant's complaint.[3] Accordingly, we conclude that Appellant has waived any challenge

---

[3] For the sake of completeness, we note that our standard of review of an order sustaining preliminary objections is as follows:

> [We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. . . . Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*(Footnote Continued Next Page)*

to the order sustaining Appellees' preliminary objections and dismissing his complaint with prejudice. ***U.S. Bank, N.A.***, 193 A.3d at 996.[4]

Additionally, we acknowledge that the trial court noted that the only discernable issue Appellant "appeared" to raise in his Rule 1925(b) statement was a claim that the trial court was biased against Appellant. ***See*** Trial Ct. Op., 11/8/21, at 3-4. However, we find that Appellant waived this claim as well. The record reflects that Appellant never presented this issue to the trial court. Rather, Appellant mentioned this claim for the first time in his Rule 1925(b) statement and therefore, Appellant waived this issue. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"); ***Morgan v. Morgan***, 117 A.3d 757, 762 (Pa.

---

***Retina Assocs. of Greater Phila., Ltd. v. Retinovitreous Assocs., Ltd.***, 176 A.3d 263, 269 (Pa. Super. 2017) (formatting altered and citation omitted).

[4] While we acknowledge that Appellant is proceeding *pro se*, he is not entitled to special deference, and we note that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006). Importantly, this Court will not act as counsel for an appellant. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking & Tr.***, 904 A.2d at 942-43.

Super. 2015) (explaining that "appellants may not raise issues for the first time in a Rule 1925(b) statement" (citation omitted)).[5]

After review, we conclude that Appellant failed to preserve any issues for appellate review. Accordingly, we affirm the order granting Appellees' preliminary objections and dismissing Appellant's complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2022

_____

[5] In any event, if Appellant had properly preserved a claim of judicial bias, we would conclude that the issue is waived on a separate basis. Although Appellant makes broad allegations of bias in his appellate brief, he fails to develop an argument in any meaningful fashion. *See generally* Appellant's Brief at 20-23. On this basis, we would conclude that Appellant's claim of bias is waived. *See Butler v. Illes*, 747 A.2d 943, 944-45 (Pa. Super. 2000) (finding waiver where the appellant's argument lacked any meaningful substance, consisted of merely conclusory statements, and failed to explain or even tenuously assert how the trial court erred).