J-A09014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

MIRAN JUNG

    v.

YONG-KYU JUNG

       Appellant

: IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 680 WDA 2025
:

Appeal from the Order Entered May 29, 2025
In the Court of Common Pleas of Erie County Domestic Relations at
No(s): 16234-2025

BEFORE: NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:               **FILED: JUNE 2, 2026**

Appellant Yong-Kyu Jung appeals *pro se* from the order granting Appellee Miran Jung a final protection order pursuant to the Protection From Abuse (PFA) Act.[1] On appeal, Appellant argues that the trial court violated his Due Process rights, relied on facts outside of the trial court record, and transmitted an inaccurate and incomplete record on appeal. We dismiss the appeal due to the substantial defects in Appellant's brief.

Briefly, the trial court granted Appellee a temporary PFA order against Appellant on April 23, 2025 and entered a final order in the same matter on May 29, 2025. *See* Trial Ct. Op., 9/16/25, at 1; *see* N.T., 5/29/25, at 16. Appellant filed a timely notice of appeal and both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[1] *See* 23 Pa.C.S. §§ 6101-6122.

On appeal, Appellant raises the following issues:

1. Whether the trial court committed an error of law or abused its discretion by entering a final PFA order without affording Appellant full due process, including a fair opportunity to be heard and to present evidence.

2. Whether the trial court's actions, viewed cumulatively, resulted in prejudice to Appellant sufficient to warrant vacatur or remand of the final PFA order.

3. Whether the trial court committed reversible error or abused its discretion by considering an unrelated summary harassment citation, not involving Appellee and not admitted into evidence, as proof of abuse or credibility in issuing the final PFA order?

4. Whether the trial court committed reversible error by treating an unrelated summary harassment citation arising from a Honda dealership incident — one that did not involve Appellee, did not result in a criminal conviction, and was not admitted into evidence — as proof of abuse or credibility, contrary to the [PFA] Act and Pennsylvania evidentiary rules?

5. Whether the trial court committed a reversible error of law by treating an unrelated summary harassment citation as a "criminal conviction" to determine credibility, in violation of Pennsylvania evidentiary rules?

6. Whether the final PFA order is procedurally invalid because it bears the signature block of a judge who had formally recused himself from the matter?

7. Whether the trial court erred in relying upon findings not supported by evidence of record in the hearing transcript and the certified record.

8. Whether the Appellant is entitled to a new hearing or relief where the hearing transcript is incomplete and omits material testimony necessary for appellate review.

9. Whether procedural irregularities in the handling of the record, including transcript omissions and docket inconsistencies, deprived Appellant of meaningful appellate review and constituted reversible error.

10. Whether the issuance of the final PFA order following proceedings marked by transcript omissions, reliance on non-record matters, and other procedural irregularities deprived Appellant of a fair hearing and requires reversal or, at minimum, remand for further proceedings?

11. Whether the trial court violated Appellant's due-process rights by relying on matters outside the certified record — including references to an alleged prior "guilty" determination and documents not admitted into evidence — where those matters do not appear in the transcript, thereby preventing meaningful appellate review under Pa.R.A.P. 1911(d) and 1926?

12. Whether the trial court violated Appellant's due-process rights by relying on matters outside the certified record including alleged determinations or materials not admitted into evidence and an incomplete transcript — thereby preventing meaningful appellate review in violation of Pa.R.A.P. 1911(d) and 1926?

13. Whether the trial court committed reversible error by considering an unrelated summary harassment citation — one that did not involve Appellee, did not result in a criminal conviction, and was not admitted into evidence — as proof of abuse or credibility, contrary to the PFA Act and Pennsylvania evidentiary principles?

14. Whether cumulative procedural irregularities — including undocumented proceedings, irregular judicial assignment or signature issues, questions concerning the authorship of the PFA petition, and mail delivery failures beyond Appellant's control — require reversal or, at minimum, remand for a new hearing before a different judge?

15. Whether the trial court violated Appellant's due-process rights by relying on information outside the certified record — including an undocumented "guilty" determination, documents shown to Appellant but never admitted into evidence, and an incomplete transcript — thereby preventing meaningful appellate review in violation of Pa.R.A.P. 1911(d) and 1926?

16. Whether the trial court violated Appellant's due process rights and precluded meaningful appellate review by relying on extra-record information — including an undocumented

- 3 -

"guilty verdict" and unadmitted documents — while failing to ensure a complete transcript of the proceedings.

17. Whether cumulative irregularities — including missing transcript segments, altered docket entries, and conflicts of interest by counsel — require vacatur and remand for a new hearing before a different tribunal?

Appellant's Brief at 12-16 (numbering reordered and some formatting altered).

Prior to reviewing Appellant's claims, we note that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted). Further, *pro se* status does not relieve an appellant of his or her duty to comply with our Rules of Appellate Procedure. *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). The Rules of Appellate Procedure set forth the required components of an appellant's brief and provide that where the defects in an appellant's brief are "substantial" the appeal may be dismissed. *See* Pa.R.A.P. 2101, 2111(a). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted), *overruled on other grounds by In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023).

Here, Appellant has filed a brief in which he raises multiple claims of trial court error. However, Appellant has failed to meet multiple requirements for an appellate brief. *See* Pa.R.A.P. 2111(a)(1), (2), (3), (4), (9). Further, Appellant has not developed his claims of error or argument in any coherent

or meaningful fashion and has failed to provide relevant legal authority for why this Court should disturb the trial court's order. *See Pautenis,* 118 A.3d at 394.[2] Although mindful that Appellant is proceeding *pro se*, we are unable to conduct a meaningful review of Appellant's claims given the substantial defects in Appellant's brief. *See Jiricko*, 947 A.2d at 213 n.11; *Ullman*, 995 A.2d at 1211-12. Accordingly, we dismiss this appeal. *See* Pa.R.A.P. 2101; *see Ullman,* 995 A.2d at 1211-12.

Appeal dismissed. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/2/2026

---

[2] For example, Appellant's citations to the record lead nowhere, either in the certified record or in Appellant's reproduced record. *See, e.g., id.* at 24 (citing to "119a-229a"). Further, Appellant's citations to authority are inaccurate and/or do not support the stated propositions. For example, Appellant cites to "*Commonwealth v. Saul*, 346 A.2d 636, 638 (Pa. 1975);" however, no such captioned authority exists with this citation. *See id.* at 26. Appellant also cites to "*U.S. Bank N.A. v. Hua*, 193 A.3d 994, 996 (Pa. Super. 2018)." *See id.* While this citation accurately references *Hua*, the authority does not support the proposition stated by Appellant. *See* Appellant's Brief at 26; *but see Hua*, 193 A.3d at 996.